Reese J.
delivered the opinion of the court.
There are two distinct grounds upon which we think this judgment should not have been rendered.
1st. Although it has been determined by this court, solicitous to escape from the determination, that debts, evidenced by negotiable paper are subject to the general laws relating to garnishments, (7 Yerg. 44. Hightower v. Smith, note) yet it is distinctly laid down in the case of Huff v. Mills and others 7 Yerg. 42, that the “liability in such cases of a garnishee depends upon his answer, which in this state is conclusive. If he answer, that he executed the negotiable note, or bill single, but does not know where it is, or who holds it, he does not • state that he is indebted to the debtor of the attaching creditor, and no judgment can be given against him.”
2nd. The relation of debtor and creditor between Turner and McDonald, does not appear in point of law to have been created by the transaction detailed in the statement of the garnishee. McDonald’s property was sold for the payment of his debt, and the plaintiff in error seems to have bid one hundred and ninety dollars beyond the amount of the execution. Instead of receiving the surplus in money for the defendant in the execution as was by law his duty, the constable took the promisory note of the purchaser, payable indeed, to McDonald, but it does not appear that McDonald was a party to this arrangement, or accepted said note, or ever knew of the transaction. If he did not sanction the transaction, and accept the note in lieu of the money, the constable was indebted to him, and the plaintiff in error to the constable. Shaw v. Smith, 9 Yerg. 97.
Upon the whole, the judgment must be reversed, arid this court proceeding to give such judgment as the circuit court ought to have given, the garnishee, the plaintiff in error will be discharged, and the defendant in error will pay all costs.
Judgment reversed.